UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:24-cv-02206-ADS                                       Date: October 16, 2024

Title: *Grantor and Trustee of Trust with EIN#86-6670694 v. Adrian Woodward, et al.*

Present: The Honorable Autumn D. Spaeth, United States Magistrate Judge

| Kristee Hopkins | None Reported |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:   (IN CHAMBERS) ORDER TO SHOW CAUSE REGARDING SUBJECT MATTER JURISDICTION**

On October 11, 2024, Plaintiffs Grantor Gene Goziker ("Plaintiff 1") and Trustee Yelena Zhuravel ("Plaintiff 2") of Trust with EIN #86-6670694 (the "Trust") filed a Complaint ("Complaint") against Defendants Adrian Woodward, Jaclin Awad, Anna Hyeyeon Kim, Kimlynn Thuy Hoang, and James Wellman (collectively, "Defendants"). (Dkt. No. 1.)  Plaintiffs assert state-law causes of action against Defendants in connection with the Trust, a legal entity in the State of California, based on diversity jurisdiction.

Federal courts have subject-matter jurisdiction only over matters authorized by the United States Constitution and Congress.  See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994).  This Court has an obligation to assess whether federal subject-matter jurisdiction exists and may do so *sua sponte* at any stage of the proceedings.  See Allstate Ins. Co. v. Hughes, 358 F.3d 1089, 1093 (9th Cir. 2004); see also Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 583 (1999) (recognizing that "Article III generally requires a federal court to satisfy itself of its jurisdiction over the subject matter before it considers the merits of a case").

A federal district court has jurisdiction over a civil action when there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.  28 U.S.C. § 1332(a).  Complete diversity means that each of the plaintiffs must

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  8:24-cv-02206-ADS                                       Date: October 16, 2024

Title:  *Grantor and Trustee of Trust with EIN#86-6670694 v. Adrian Woodward, et al.*

be a citizen of a different state than each of the defendants.  Caterpillar Inc. v. Lewis, 519 U.S. 61, 68 (1996).  Here, Plaintiffs allege diversity jurisdiction is met because, at the time of filing this lawsuit, Plaintiff 1 was not residing in the United States.  (Compl. ¶¶ 2, 24.)  The Complaint, however, does not allege facts to determine the citizenship of Plaintiff 2 or Defendants.  Thus, Plaintiffs have not plead complete diversity.

　　　Plaintiffs are **ORDERED TO SHOW CAUSE** why this case should not be dismissed for lack of subject matter jurisdiction **by no later than October 28**, **2024**.  Plaintiffs may discharge this Order by filing evidence that reflects complete diversity or a First Amended Complaint that alleges sufficient facts to establish that this Court has jurisdiction to hear the claims.  Plaintiffs are advised that an amended complaint supersedes the original Complaint.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).  Filing of an amended complaint entirely supplants or replaces the original or any prior complaint, which is "treated thereafter as nonexistent." Ramirez v. Cty. Of San Bernardino, 806 F.dd 1002, 1008 (9th Cir. 2015) (internal citations omitted).  **Plaintiff is warned that failure to file a timely response will result in the Court recommending that this case be dismissed in its entirely due to lack of subject matter jurisdiction.**

　　　**IT IS SO ORDERED.**

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Initials of Clerk kh